# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                           Case No. 17-CR-217

**DEWAYNE ALEXANDER, SR.,**

    Defendant.

## ORDER ON DEFENDANT'S PRETRIAL MOTIONS

On December 19, 2017, a grand jury sitting in the Eastern District of Wisconsin returned a thirty-one count indictment against seventeen defendants. (Docket # 1.) Dewayne Alexander, Sr. is charged in Count One with conspiring to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). Alexander Sr. is charged in Count Twenty-Four with knowingly and intentionally possessing heroin with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) and 18 U.S.C. § 2. Alexander Sr. was arraigned on the charges and entered a plea of not guilty. This case has been designated as complex, and jury trial before the Honorable Lynn Adelman will be scheduled after resolution of pretrial motions.

Currently before me are four pretrial motions. First, Alexander Sr. moves for disclosure of Fed. R. Evid. 404(b) evidence. (Docket # 256.) Second, Alexander Sr. seeks immediate disclosure of the identity of any unindicted co-conspirators. (Docket # 257.) Third, Alexander Sr. moves to sever his trial from the trial of his co-defendant Dewayne Alexander, Jr. (Docket # 264.) Finally, Alexander Sr. has requested immediate disclosure of

the identity of unnamed informants and related discovery. (Docket # 266.) The government either opposes or opposes in part all four motions. (Docket # 280.) Alexander Sr. has not filed a reply; thus, the motions are now fully briefed and are ready for resolution. For the reasons explained below, Alexander Sr.'s motion for early disclosure of Fed. R. Evid. 404(b) evidence (Docket # 256) is granted in part and denied in part. Alexander Sr.'s motion for immediate disclosure of the identity of any unindicted co-conspirators (Docket # 257) is granted in part and denied in part. The motion to sever Alexander Sr.'s trial from the trial of his co-defendant Alexander Jr. (Docket # 264) is denied. The motion for immediate disclosure of the identity of unnamed informants and related discovery (Docket # 266) is granted in part and denied in part.

**ANALYSIS**

*Motion for Early Disclosure of Certain Evidence (Docket # 256)*

Alexander Sr. moves for an order requiring the government to immediately disclose any evidence of other crimes, wrongs, or acts that the government intends to use at trial or sentencing, as required by Fed. R. Evid. 404(b). The government opposes the motion in part. The government states that other than evidence of prior drug convictions (of which the defendant is already aware), there is little, if any, such evidence that would be offered against the defendant. (Docket # 280 at 2.) However, the government proffers it will disclose its intent to introduce Rule 404(b) evidence no later than fifteen days before trial. (*Id.*)

Rule 404(b) requires the government to provide the defendant with reasonable notice of the general nature of other acts evidence it intends to use at trial. Alexander Sr. does not oppose the government's suggestion of filing its notice of intent to introduce Rule

404(b) evidence fifteen days prior to trial. Thus, Alexander Sr.'s motion is granted in part and denied in part. The government will file its notice of intent to introduce evidence pursuant to Rule 404(b) fifteen days prior to trial.

*Motion to Compel Disclosure of Unindicted Co-Conspirators (Docket # 257)*

Alexander Sr. moves for an order requiring the government to disclose the identity of unindicted co-conspirators. Alexander Sr. argues that other than his co-defendants, he has no way of discerning whether any of the informants are deemed by the government to be unindicted co-conspirators. Thus, he argues he cannot determine which individual's statement may fall within the Fed. R. Evid. 801 exception to the hearsay rule. Further, he argues he cannot discern the parameters of the charged conspiracy. Alexander Sr. argues that the complexity of the case, the volume of discovery, the number of witnesses, and the length of the conspiracy necessitates immediate disclosure. The government argues Alexander Sr.'s motion should be construed as a motion for a bill of particulars and states that it will file a bill of particulars listing any unindicted co-conspirators not less than thirty days before trial. (Docket # 280 at 2–3.)

The practice in this District is to require the government to identify unindicted co-conspirators so that the defendant can determinate if statements in discovery might be admissible as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E). *See United States v. Blas*, No. 90-CR-162, 1990 WL 265179, at *16 (E.D. Wis. Dec. 4, 1990) ("[T]he defendant is entitled to the names of the unindicted co-conspirators as well, for purposes of the admission of co-conspirator hearsay."); *see also United States v. Buske*, No. 09-CR-0065, 2010 WL 3023366, at *8 (E.D. Wis. Apr. 30, 2010), report and recommendation adopted, No. 09-CR-65, 2010 WL 3023364 (E.D. Wis. July 29, 2010) (the government agreed to provide

defendant with the names of unindicted co-conspirators not less than thirty days prior to trial); *United States v. Laux*, No. 14-CR-229, 2015 WL 1885953, at *7 (E.D. Wis. Apr. 24, 2015), report and recommendation adopted, No. 14-CR-229, 2015 WL 4477007 (E.D. Wis. July 22, 2015) (ordering the government to promptly disclose to defendant any co-conspirator it identifies any time between the date of the order and the time of trial). Thus, the disclosure of unindicted co-conspirators is not dependent on the number of defendants or the complexity of the case. Rather, the disclosure is required to assure the defendant can determine pretrial whether statements in discovery might be admissible under Fed. R. Evid. 801(d)(2)(E).

Alexander Sr. does not object to the government's proposal to file a bill of particulars listing any unindicted co-conspirators no less than thirty days prior to trial. Thus, Alexander Sr.'s motion is granted in part and denied in part. The government is ordered to provide the names of any unindicted co-conspirators no later than thirty days prior to trial.

*Motion to Sever Defendants (Docket # 264)*

Alexander Sr. moves to sever his trial from that of his co-defendant, Alexander Jr. Alexander Sr. argues that his son, Alexander Jr., gave a custodial statement after his arrest which implicates his father in narcotics transactions related to this case. Alexander Sr. argues that when the government introduces Alexander Jr.'s statements at trial, he will be unable to cross-examine him, violating his rights pursuant to the Sixth Amendment and *Bruton v. United States*, 391 U.S. 123 (1968). The government counters that Alexander Sr. has failed to overcome the presumption in favor of a joint trial and any claim of prejudice can be cured through redacting the specific, minimal references to Alexander Sr. in Alexander Jr.'s statement. (Docket # 280 at 7–8.)

Under Fed. R. Crim. P. 8(b), two or more defendants may be charged in a single indictment if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. There is a presumption that co-conspirators who are indicted together are appropriately tried together. *United States v. Smith*, 995 F.2d 662, 670 (7th Cir. 1993). Alexander Sr. does not argue the defendants are improperly joined.

However, Fed. R. Crim. P. 14 allows the court to sever defendants properly joined under Rule 8. Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." When defendants have been properly joined under Fed. R. Crim. P. 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). It is the defendant's burden to demonstrate a strong showing of prejudice. *United States v. Moya-Gomez*, 860 F.2d 706, 767–68 (7th Cir. 1988). A mere showing of some prejudice will not warrant severance. *United States v. Madison*, 689 F.2d 1300, 1305 (7th Cir. 1982). Rather, the defendant must show that he is unable to obtain a fair trial without severance. *United States v. Thornton*, 197 F.3d 241, 255 (7th Cir. 1999).

The Seventh Circuit has outlined four settings in which actual prejudice might result from a denial of a motion for severance: (1) conflicting and irreconcilable defenses; (2) a massive and complex amount of evidence that makes it almost impossible for the jury to

separate evidence as to each defendant; (3) a co-defendant's statement that incriminates the defendant; and (4) a gross disparity of evidence between the defendants. *United States v. Clark*, 989 F.2d 1490, 1499 (7th Cir. 1993).

Alexander Sr.'s argument relies on the third setting. Under *Bruton*, admission of a co-defendant's confession inculpating the defendant at a joint trial where the co-defendant does not testify violates the defendant's Sixth Amendment right to confrontation as he is precluded from cross-examination. 391 U.S. at 127–28. In *Richardson v. Marsh*, 481 U.S. 200, 211 (1987), the Court held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." The *Marsh* Court found that the Sixth Amendment was not violated when a confession is not incriminating on its face and only becomes incriminating when linked with evidence introduced later at trial. *Id.* at 208. The *Marsh* Court "express[ed] no opinion on the admissibility of a confession in which the defendant's name has been replaced with a symbol or neutral pronoun." *Id.* at 211 n.5.

In *Gray v. Maryland*, however, the Court clarified that *Bruton* problems are not avoided simply by deleting from a confession the co-defendant's name or by merely inserting in place of the co-defendant's name a symbol, such as the word "deleted." 523 U.S. 185, 197 (1998). The Court noted that this insert was actually "facially incrimin[ating]" because the word "deleted" still pointed to specific people. *Id.* at 196–97. Thus, "[a]fter *Richardson* and *Gray*, it is clear that a redacted confession may be admitted as long as the redaction does not obviously refer to the co-defendants." *United States v. Hernandez*, 330 F.3d 964, 973 (7th Cir. 2003). In other words, "[s]tatements that 'despite redaction, obviously

6

refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately' are prohibited under *Bruton*." *United States v. Green*, 648 F.3d 569, 575 (7th Cir. 2011) (quoting *Gray*, 523 U.S. at 196).

The Seventh Circuit noted that the "determination of when a term obviously refers to a co-defendant may not always be easy to make." *Hernandez*, 330 F.3d at 973; *Green*, 648 F.3d at 575 ("This determination, focusing on the minutiae of the substituted word or phrase and surrounding context, is not always easy to make."). In *Green*, the government introduced the confession of a co-defendant with the defendant's name redacted and replaced with "straw buyer." 648 F.3d at 573. Later, evidence was introduced making it clear to the jury that "straw buyer" was a substitute for the defendant's name. *Id.* The defendant moved for a mistrial, but the district court denied the motion. *Id.* at 574. On appeal, the Seventh Circuit affirmed the district court's ruling that the use of "straw buyer" in the redacted confession was not "so obvious a reference to [the defendant] as to violate *Bruton*," and that "[t]aken alone, nothing in the [co-defendant]'s statement . . . suggest[ed] that the [defendant] was the straw buyer." *Id.* at 575–76.

The government argues that after Alexander Jr.'s arrest on December 6, 2017, he gave a *Mirandized* and recorded statement to law enforcement. Close to the conclusion of the interview, a law enforcement officer briefly asked Alexander Jr. about Alexander Sr. and drug trafficking. (Docket # 280 at 8.) Alexander Jr. replied that he would not be surprised to learn that Alexander Sr. was selling drugs (or words to that effect). (*Id.*) The government states that considering the brevity of the exchange, it was not even memorialized in the DEA Form 6 that summarized the contents of the interview. (*Id.* at 8–9.) The government

7

argues that any prejudice to Alexander Sr. can be cured through redacting the specific, minimal references to Alexander Sr. in Alexander Jr.'s statement. (*Id.* at 7–8.)

Alexander Sr. does not respond to the government's argument. Although I have not seen the exact statement the government intends to introduce at trial, assuming the sole reference to Alexander Sr. is indeed Alexander Jr.'s statement that he "would not be surprised to learn that Alexander Sr. was selling drugs," then it would seem Alexander Sr.'s name could be redacted and the statement would not obviously refer to Alexander Sr. Especially in a multi-defendant case such as this one, the redaction would not obviously point to Alexander Sr. over the many other defendants involved in the conspiracy. Further, it is Alexander Sr.'s burden to demonstrate that he is unable to obtain a fair trial without severance and he has failed to do so. Thus, Alexander Sr.'s motion to sever is denied.

*Motion for Immediate Disclosure of Confidential Informants (Docket # 266)*

Alexander Sr. moves for the immediate disclosure of two unnamed informants (CI-02015 and SOI #2) who provided law enforcement information regarding Alexander Sr. He argues that knowledge of their identities is necessary for the defense to investigate and determine the accuracy and truthfulness of the witnesses and their accusations. The government counters that the two informants are not transactional witnesses and they likely will not be called at trial. (Docket # 280 at 10.) However, given the potential risk to their safety, the government proposes disclosing their identities fourteen days prior to trial. (*Id.* at 13.)

It is well-established that as a general rule, the government enjoys a limited privilege of withholding the identity of an informant. *See Roviaro v. United States*, 353 U.S. 53, 59–60 (1957); *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993). This privilege encourages

citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials by preserving the informant's anonymity. *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001). The government is granted this limited privilege as a right, and need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994).

Although automatic, the government's privilege is not absolute. "Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60–61. The defendant bears the burden in the face of an assumption that the privilege should apply. *Valles*, 41 F.3d at 358. "The confidential informant privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *Id.* (internal quotation and citation omitted).

Disclosure of a confidential informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62. Factors to be considered are whether the informant is a transactional witness and whether the informant's testimony is relevant and could assist the defendant. *Bender*, 5 F.3d at 270. "Informants who played major roles in the criminal occurrences will of course offer more significant testimony than those whose participation was peripheral; a showing that a potential defense may depend on the informant's involvement also weighs in favor of disclosure." *Valles*, 41 F.3d at 358.

The government argues the confidential informants are not transactional witnesses and agrees to disclose their identities fourteen days before trial. In this District, disclosing the identities of confidential informants thirty days before trial is common practice. *See United States v. Bond*, No. 10-CR-117, 2010 WL 6749142 (E.D. Wis. Dec. 6, 2010); *United States v. Mathis*, No. 09-CR-254, 2010 WL 1507881 (E.D. Wis. Apr. 14, 2010). However, Alexander Sr. has not responded to the government's proffer of disclosing the names fourteen days before trial. Again, it is the defendant's burden to show that the government's limited privilege of withholding the identity of an informant should give way, and he has failed to do so. Thus, Alexander Sr.'s motion for immediate disclosure of the identity of unnamed informants and related discovery is granted in part and denied in part. The government will disclose the identities of the confidential informants fourteen days before trial.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion for early disclosure of Fed. R. Evid. 404(b) evidence (Docket # 256) is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that the defendant's motion for immediate disclosure of the identity of any unindicted co-conspirators (Docket # 257) is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that the defendant's motion to sever (Docket # 264) is **DENIED**;

**FINALLY, IT IS ORDERED** that the defendant's motion for immediate disclosure of the identity of unnamed informants and related discovery (Docket # 266) is **GRANTED IN PART AND DENIED IN PART**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 8th day of February, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge